# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**BARRY JOE STULL**,

                 Plaintiff,

    v.

**LEWIS & CLARK COLLEGE**, et al.,

                 Defendants.

Case No. 3:12-cv-1556-AC

**OPINION AND ORDER**

Barry Joe Stull, 10852 S.E. Stark Street #5, Portland, OR 97216. Plaintiff *pro se*.

David A. Ernst and Timothy Cunningham, DAVIS WRIGHT TREMAINE, LLP, 1300 S.W. Fifth Avenue, Suite 2400, Portland, OR 97201. Of Attorneys for Defendants Lewis & Clark College, Tim O'Dwyer, Mark Nisbett, Tim Burgard, and Nick Mobley.

Elizabeth C. Knight, DUNN CARNEY ALLEN HIGGINS & TONGUE LLP, 851 S.W. Sixth Avenue, Suite 1500, Portland, OR 97204. Of Attorneys for Defendants Nicholas Dazer and Bullivant Houser Bailey, P.C.

**Michael H. Simon, District Judge.**

On August 28, 2012, Plaintiff Barry Joe Stull ("Stull"), filed suit against Defendants, asserting claims relating to injuries suffered by Stull when he was allegedly forcibly evicted from a building on the Lewis & Clark campus. Dkt. 2. On December 5 and 6, 2012, Defendants filed motions to dismiss Stull's complaint for lack of subject matter jurisdiction and failure to state a claim. Dkts. 17 & 20. Stull did not file any response to the motions to dismiss, despite the Court

giving Stull notice and additional time. On April 29, 2013, Magistrate Judge John V. Acosta issued Findings and Recommendations recommending that the Court grant Defendants' motions to dismiss and dismiss the case with prejudice. Dkt. 34. That same day, the Findings and Recommendation was mailed to Stull. Dkt. 35. It was not returned as undeliverable.

Stull did not file any objections to Judge Acosta's Findings and Recommendation. On May 22, 2013, this Court adopted Judge Acosta's Findings and Recommendation, dismissed the case with prejudice, and entered a final judgment. Dkts. 37 & 38. The Court's Opinion and Order and the Judgment were mailed to Stull. Dkt. 39. These were also not returned as undeliverable.

On May 22, 2014, Stull filed a Motion for Relief from Judgment, pursuant to Rule 60, which is currently before the Court. Dkt. 42. For the reasons set forth below, the Court denies Stull's motion.

## STANDARDS

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

## DISCUSSION

Stull styles his motion as one under rule 60(6). It is unclear whether Stull means to assert his motion under Rule 60(b)(6), or generically under Rule 60(b) without identifying the specific

subsection of Rule 60 on which he relies. Because the Court construes *pro se* filings liberally, the Court analyzes Stull's motion under the only potentially applicable subsections, Rule 60(b)(1) and Rule 60(b)(6).

**A.  Motion for Relief from Judgment Under Rule 60(b)(6)**

Rule 60(b)(6) is the catch-all provision of Rule 60, which provides for relief from a final order or judgment for "any other reason that justifies relief." "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). This rule is "'used sparingly as an equitable remedy to prevent manifest injustice.'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Stull argues that he is entitled to relief from the final judgment dismissing his case because he did not receive in the mail a copy of the Findings and Recommendation mailed to him on April 29, 2013, or this Court's Opinion and Order and Judgment mailed to him on May 22, 2013. Stull asserts that the clinic to which the documents were mailed was "undergoing changes" and that the mail was lost. Stull further asserts that he contacted the court clerk in September 2013 and that is when he learned of the Findings and Recommendation, Opinion and Order, and Judgment. After speaking with the court clerk, he filed a notice of change of address with the Court on September 16, 2013 and again on September 17, 2013. Dkts. 40, 41.

Stull offers no explanation, however, for why he did not file a response to Defendants' motions to dismiss and the only explanation he offers for why he did not check on the status of his case from January 15, 2013, when he knew the motions were under advisement before Judge Acosta, and approximately September 16, 2013, when he called the court clerk, was that he did not know how long it would take Judge Acosta to decide the pending motions to dismiss. This is

PAGE 3 – OPINION AND ORDER

not a reasonable explanation for Stull's failure to diligently prosecute his case. Stull's failure to diligently prosecute his case does not create "extraordinary circumstances" warranting relief from judgment.

Additionally, motions under Rule 60(b)(6) must be filed within a "reasonable" time period. Fed. R. Civ. P. 60(c)(1); *see also Lal*, 610 F.3d at 524. Stull's only explanation for why he did not file a motion for reconsideration upon discovering in September 2013 that his case had been dismissed is that he had "other time-sensitive and time-consuming matters." This is an insufficient explanation to excuse Plaintiff's approximately eight-month delay in filing his motion for reconsideration and the Court finds that his motion was not timely.

Stull also offers no explanation for why he did not file a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(6). Appellate Rule 4(a)(6) provides that a district court may reopen the time to file an appeal if the court finds that the moving party did not receive proper notice of the judgment and the motion under Appellate Rule 4(a)(6) is made within 180 days after the judgment or within 14 days after the movant receives notice of the judgment. The U.S. Court of Appeals for the Ninth Circuit has held that a litigant may not file a motion under Rule 60(b)(6) or Rule 60(b)(1) to cure problems of lack of notice of a final judgment. *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999). When a movant relies on the fact that he or she did not receive notice of the judgment, the movant must follow the requirements of Appellate Rule 4(a)(6). *Id.* Thus, Stull's motion is denied to the extent it relies on the fact that he did not receive notice of the Judgment, because even if construed as a motion under Appellate Rule 4(a)(6), it is untimely.

Stull did not timely file his motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) and he fails to establish "extraordinary circumstances" warranting the reconsideration of the Court's Opinion and Order and Judgment.

## B. Motion for Relief from Judgment Under Rule 60(b)(1)

Although Stull does not specifically argue relief under Rule 60(b)(1), the Court interprets his motion as arguing that he is entitled to relief based on excusable neglect. "Excusable neglect" under Rule 60(b)(1) "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993); *Batemen v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). "Neglect" in the context of Rule 60(b) "'carries the idea of negligence and not merely of non-action.'" *Pioneer*, 507 U.S. at 394 (quoting *Klapprott v. United States*, 335 U.S. 601, 630 (1949) (Frankfurter, J., dissenting)).

Stull asserts that he did not receive the Court's April 29, 2013 and May 22, 2013 mailings. He argues that because of that fact, he did not know he needed to object to the Findings and Recommendation or appeal the Judgment.

As noted above, neither Rule 60(b)(1) nor Rule 60(b)(6) is an appropriate basis on which to seek relief when asserting that notice of a final judgment was not received—such motions are to be brought under Appellate Rule 4(a)(6). Thus, to the extent that Stull argues the Court should reconsider its Opinion and Order and Judgment dismissing his case because he did not receive timely notice of the Judgment, Stull's motion is denied.

To the extent Stull argues that the Court should reconsider its Opinion and Order and Judgment because Stull did not timely receive notice of the Findings and Recommendation and did not have an opportunity to object, his motion is also denied because the Court does not find excusable neglect. To determine whether neglect is excusable, a court should examine "at least

four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). In addition to the listed factors, a court should consider prejudice to the movant when circumstances so warrant. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). The determination of whether neglect is excusable is ultimately an equitable one, and the court must take account of all relevant circumstances surrounding the party's omission. *Id*. at 1192.

### 1.  Prejudice to Defendants

The first factor weighs against granting Stull's motion. "[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). Here, as discussed above, Stull offers insufficient explanations for his failure to prosecute his case from January 2013 through September 2013 (when he knew a motion to dismiss was pending) and for his failure to take prompt action after discovering the dismissal of his case in September 2013.

Additionally, this factor weighs against granting the motion because it would allow Stull to litigate stale claims. Stull's complaint was filed August 28, 2012, based on an occurrence from August 28, 2010. Stull's claims are subject to two-year statutes of limitations, and he filed his complaint on the last day before the statutes of limitations expired. Vacating the Judgment would re-initiate claims that are nearly four years old and two years past the applicable statutes of limitations. The Court is persuaded by the reasoning of Magistrate Judge Dennis Hubel that this is prejudicial to Defendants:

> Statutes of limitation have as one purpose allowing a defendant relief from being forced to litigate stale claims. Setting aside a judgment dismissing a claim that is past the statute of limitations

> for failure to prosecute the claim takes this protection from the
> defendant. This can be prejudice to the defendant.

*Sayago v. Jiminez*, 2011 WL 5914279, at *5 (D. Or. Nov. 3, 2011).

### 2.   Length of the Delay and Impact on Proceedings

The second factor also does not support granting Stull's motion. Rule 60(c) requires that

a Rule 60(b) motion be made "within a reasonable time" and "no more than a year after the entry

of the judgment." Fed. R. Civ. P. 60(c)(1). "'What constitutes reasonable time depends upon the

facts of each case, taking into consideration the interest in finality, the reason for the delay, the

practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the

other parties.'" *Lemoge*, 587 F.3d at 1196-97 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055

(9th Cir. 1981) (per curiam)).

Here, although Stull brought his motion precisely one year from the date of the Judgment,

it was approximately eight months after he learned of the Judgment and thirteen months from the

date of the Findings and Recommendation. Had Stull checked the docket or otherwise prosecuted

his case between April 2013 and September 2013, he would have readily discovered the Findings

and Recommendation. At the time the Findings and Recommendation was issued, Defendants'

motions to dismiss were pending and the case was actively being litigated. The only explanation

Stull offers for why he ignored the prosecution of his case for the eight months between April

2013 and September 2013 is that he did not know how long Judge Acosta would take to decide

the motions to dismiss. This is not a reasonable explanation. Moreover, as discussed above, Stull

also offers an insufficient explanation for his delay of eight months between learning about the

Judgment and moving for reconsideration. The Court and parties have an interest in finality of

judgments and Stull fails to demonstrate that his delay was reasonable.

### 3.  Reason for Delay

The third factor also weighs against granting Stull's Motion for Relief. As discussed above, Stull offers no reasonable explanation for why he waited eight months after learning of the Findings and Recommendation, Opinion and Order, and Judgment before filing his motion for reconsideration. He also offers no reasonable explanation for why he did not check the status of the case or otherwise continue his prosecution of the case between April 2013 and September 2013. Had he done so, he would have discovered the Findings and Recommendation, Opinion and Order, and Judgment.

### 4.  Bad Faith

The Court finds the fourth factor to be neutral. Although there is no evidence that Stull acted in bad faith, his explanations for why he failed to diligently prosecute his case are lacking.

### 5.  Prejudice to Stull

The Court finds the factor of prejudice to Stull also does not support granting Stull's motion. There is no prejudice to Stull because even if he had provided evidence to merit relief from judgment, he fails to meet his burden to show why this case should not be dismissed for lack of subject matter jurisdiction and failure to state a claim. Granting Stull's motion would result in an unnecessary waste of time and resources by the Court, Stull, and Defendants to reopen the case merely to dismiss it for lack of jurisdiction and failure to state a claim.

Stull offers numerous arguments as to why his complaint adequately states claims under the Fair Housing Act, the Americans With Disabilities Act, and 42 U.S.C. § 1983. Stull's arguments are unavailing and Judge Acosta's reasoning in the Findings and Recommendations continues to be persuasive.

**CONCLUSION**

Plaintiff's motion for reconsideration of the Court's Opinion and Order and Judgment

(Dkt. 38) is DENIED.

**IT IS SO ORDERED**.

DATED this 10th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge